UNITED STATES v. SANTA ROSA COUNTY, FLA., et al.

P. C. No. 181.

District Court, N. D. Florida, Pensacola Division.

Feb. 17, 1947.

See also, D.C., 70 F.Supp. 416.

David L. Bazelon, Asst. Atty. Gen., George Earl Hoffman, U. S. Atty., of Pensacola, Fla., and Thomas L. McKevitt, Atty., Lands Division, Department of Justice, of Washington, D. C., for complainant.

J. Tom Watson, Atty. Gen., of Florida, and T. Paine Kelly, Asst. Atty. Gen., for defendants.

LONG, District Judge.

This case came on for trial and the Court, having heard the evidence and rendered its decision, now makes its Findings of Fact and Conclusions of Law.

Judgment for plaintiff.

### Findings of Fact.

1. By deed dated June 18, 1937, the United States acquired a tract of land containing 83,070 acres, more or less, in Santa Rosa and Okaloosa Counties, Florida, from The Bagdad Land and Lumber Company; that several parcels of the land acquired by the United States by this purchase are described as follows:

NE¼ NW¼, the W½ NW¼ SE¼; and the NE¼ SW¼, section 13, T. 5N., R. 27 W., in Santa Rosa County, Florida.

N½ NE¼, the NW¼ and the W½ SW¼, and the NW¼ SE¼, section 28 T. 5 N., R. 27 W., in Santa Rosa County, Florida.

2. On July 1, 1939, the United States acquired title to a tract of land containing 12,441.37 acres in Santa Rosa County, Florida, pursuant to condemnation proceedings entitled United States of America v. 12,480.61 Acres of Land in Santa Rosa County, Florida, William S. Rosasco, et al., P.C. No. 692 in the United States District Court for the Northern District of Florida. Several parcels of the land acquired by the United States in the above-mentioned proceedings are described as follows:

All of Section 33, T. 5 N., R. 27 W., except the NW¼ NE¼ and the E½ NW¼, in Santa Rosa County.

3. The lands particularly described above at all times subsequent to their acquisition by the Government, have continued to be and now are owned by the United States. Since its acquisition all of said land has been subject to a lease dated July 13, 1940, effective from November 16, 1938, whereby said land was leased by the United States to the State of Florida, acting by and through the Florida Board of Forestry.

4. On June 15, 1942, at a tax sale held by the tax collector of Santa Rosa County, Florida, at which lands were disposed of for non-payment of 1941 taxes, one N. W. Pitman purchased lands described as:

The NE¼ NW¼, the W½ NW¼ SE¼; and the NE¼ SW¼, section 13, T. 5 N., R. 27 W., in Santa Rosa County, Florida.

and was issued tax certificate No. 205. This land is a part of Government Tract No. 260–A. Subsequently a tax deed dated August 7, 1944, covering this property was issued to N. W. Pitman and recorded on August 7, 1944, on the records of Santa Rosa County in deed book "A–55," page 66. Said 1941 taxes included a levy and assessment of millage for interest and sinking fund for the payment of outstanding bonded indebtedness together with a levy and assessment for other county purposes.

5. On June 15, 1942, at a tax sale held by the tax collector of Santa Rosa County, Florida, at which lands were disposed of for nonpayment of 1941 taxes, one Harry De Vaughn purchased lands described as:

N½ NE¼, the W½ SW¼, and the NW¼ SE¼, section 28 T. 5 N., R. 27 W., in Santa Rosa County, Florida.

and was issued tax certificate No. 206–A. That at this same tax sale Harry De Vaughn also purchased land described as:

All of Section 33, T. 5 N., R. 27 W., except the NW¼ NE¼ and the E½ NW¼ in Santa Rosa County.

and was issued tax certificate No. 208–A. The land covered by these two certificates is part of Government Tract No. 230. That subsequently a tax deed dated August 7, 1944, covering the tracts of land referred to here was issued to Harry De Vaughn and recorded on August 7, 1944, on the records of Santa Rosa County in deed book "A–55," page 67. Said 1941 taxes included a levy and assessment of millage for interest and sinking fund for the payment of outstanding bonded indebtedness together with a levy and assessment for other county purposes.

Conclusions of Law.

1. Land owned by the United States is constitutionally exempt from taxation by the State of Florida and its political subdivisions.

2. The taxes levied against the property described in the complaint at a time when said land was owned by the United States, together with the tax certificates and tax deeds based thereon, are null and void.

3. The plaintiff is entitled to judgment (1) quieting its title against the tax deeds described in the complaint; (2) directing the cancellation of all outstanding tax assessments and certificates against said land, and (3) enjoining defendants from asserting any claim, lien, or encumbrance against the property described in the complaint by reason of any outstanding tax assessments and from levying any tax or assessments against said property as long as it is owned by the United States and the United States has not consented to its taxation.